NOTICE:   THIS DOCUMENT CONTAINS SENSITIVE DATA

ACCEPTED
03-15-00027-CV
6313485
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/31/2015 2:54:34 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00027-CV

| | | |
|---|---|---|
| **DAVID DE LEON** | § | **IN THE 3RD COURT** |
| | § | |
| **v.** | § | **OF APPEALS** |
| | § | |
| **CHERIE D. DELEON** | § | **AUSTIN, TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/31/2015 2:54:34 PM
JEFFREY D. KYLE
Clerk

## MOTION TO RECUSE THIS COURT

This Motion to Recuse this Court is brought by Appellee, who shows in support:

1. The impartiality of this Court, Chief Justice Rose, Justice Puryear, Justice Pemberton, Justice Goodwin, Justice Field, and Justice Bourland might reasonably be questioned in that it allowed filing in this case of an Appellant's brief that fails to meet any basic briefing requirements and to which Appellee is unable to reply.   A copy is attached hereto and incorporated herein by reference as if set forth in full. This Court showed a clear and unequivocable bias for Appellant by accepting for filing a brief that meets none of the basic requirements as follows:

**38.1 Appellant's Brief.** The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

**(a)** *Identity of parties and counsel* . The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel.

**(b)** *Table of contents* . The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

1

**(c)** *Index of authorities* . The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

**(d)** *Statement of the case* . The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

**(e)** *Issues presented* . The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

**(f)** *Statement of facts* . The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

**(g)** *Summary of the argument* . The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

**(h)** *Argument* . The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

**(i)** *Prayer* . The brief must contain a short conclusion that clearly states the nature of the relief sought.

**(j)** *Appendix in civil cases.*

(1) *Necessary contents.* Unless voluminous or impracticable, the appendix must contain a copy of:

(A) the trial court's judgment or other appealable order from which relief is sought;

(B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

(C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

(2) *Optional contents.* The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

2.     Appellee filed a Motion to Strike Appellant's Brief and/or Dismiss Appeal, which this Court apparently denied by July 20, 2015, notice.     Attorney never received anything in writing from this Court.   This Court rejected for filing

2

Appellee's Motion three times, once for failing to contain a Certificate of Conference (though it clearly would be irrelevant in light of the relief being sought while the Court completely disregarded the Appellant's briefing requirements in his brief), and then the Court rejected the motion for failing to include a filing fee although Appellee had in the trial court filed a pauper's oath on which Attorney for Appellee had been representing her. When Appellee counsel called Mr. Kyle, the clerk, he said that Appellee's affidavit of indigency in the trial court was no good in the appellate court so counsel filed a new affidavit of indigency in the appellate court. Mr. Kyle on looking at the trial court record clearly was unaware that Appellee was being represented on a pauper's oath, but insisted that his court needed a new affidavit.

3. This Court cannot be fair or impartial concerning CHERIE D. DELEON, a party to this case, and the subject matter of this case, in that this Court permitted filing of a pro se brief that fails to meet briefing requirements of Texas Rules of Appellate Procedure. This Court has shown itself intending to rule for Appellant by filing a brief to which no member of the Bar could reply in any meaningful way.

3. This Court should recuse itself from any further consideration of this case.

4. Judge David Puryear is believed to be specifically prejudiced against

3

Attorney for Appellee in that Attorney wrote a critical letter about this court to that judge's last re-election campaign, and he is believed to be unable to be fair in any case involving Appellee counsel, having been involved in 3 cases since that letter, two of which he wrote, one regarding child custody jurisdiction where a child had never resided in Texas and which opinion was contrary to law in the UCCJEA and Texas Family Code Chapter 152 and another which found a "Rule 11" Agreement was a final decree of divorce. The undersigned attorney has criticized this court for its lengthy delays in rendering decisions and its decisions being contrary to law, and believes this Court is unable to be fair or impartial. Since this Court accepted for filing a brief that meets no requirements, this Court is predisposed on how it will decide this case, and this is unfair to Appellee.

5.     This Court took an excessive time to deal with the motion before the Court and has taken excessive time in this and other appeals which has resulted in prejudice to many litigants with business before this Court.

CHERIE D. DELEON prays that the Court grant the Motion to Recuse Court.

Respectfully submitted,

THOMAS J. BAKER, Attorney at Law
101 West FM 2410, Suite F
Harker Heights, Texas 76548
254-634-8600
254-554-6686 (telefax)

4

By: _Thomas J Baker_
        Thomas J. Baker
        State Bar No. 01595700
        thomasjbaker_atty@hotmail.com
        Attorney for CHERIE D. DELEON

## Verification

The undersigned states under oath: "I am Movant in the foregoing Motion to Recuse Court. I have personal knowledge of the allegations and facts stated in it, and they are true and correct."

_Cherie D. DeLeon_
Affiant

SIGNED under oath before me on _7-31-15_ .

_Jessica Bridge_
Notary Public, State of Texas

**JESSICA BRIDGE**
My Commission Expires
April 15, 2018

## Verification

The undersigned states under oath: "I am Attorney for Movant in the foregoing Motion to Recuse ~~Judge~~ Court. I have personal knowledge of the allegations and facts stated in it, and they are true and correct."

_Thomas J Baker_
Affiant

SIGNED under oath before me on _7-31-15_ .

_Jessica Bridge_
Notary Public, State of Texas

**JESSICA BRIDGE**
My Commission Expires
April 15, 2018

5

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with rule 18a(d) of the Texas Rules of Civil Procedure on July _31_ , 2015.

_Thomas J Baker_
Thomas J. Baker
Attorney for CHERIE D. DELEON

## Certificate of Conference

I, Thomas J. Baker, hereby certify that I have not spoken by telephone with David DeLeon regarding this motion and he has previously informed me that he is opposed to all the relief requested.

_Thomas J Baker_
Thomas J. Baker, Attorney for Appellee

## Certificate of Word Count

I certify that the above contains 1,365 words.

_Thomas J Baker_
Thomas J. Baker
Attorney for CHERIE DELEON

NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. <u>03-15-00027-CV</u>

| | | |
|---|---|---|
| **DAVID DE LEON** | § | **IN THE 3RD COURT** |
| | § | |
| **v.** | § | **OF APPEALS** |
| | § | |
| **CHERIE D. DELEON** | § | **AUSTIN, TEXAS** |

### <u>PRO BONO AFFIDAVIT OF INDIGENCY</u>

| | |
|---|---|
| **THE STATE OF TEXAS,** | ) |
| | ) |
| **COUNTY OF Bell** | ) |

**BEFORE ME**, the undersigned authority, on this day personally appeared

**CHERIE D. DELEON, Petitioner**, who, being by me duly sworn, on oath stated

as follows:

"My name is **CHERIE D. DELEON.** I am the **Appellee** in the

above-referenced cause.

"My monthly income consists of $_____0_____ per month.

"I am employed at \_\_\_\_\_unemployed_____, [*\_\_\_\_\_*].

"I receive child support of $\_0_____ per month.

"I receive social security payments of $\_\_\_\_\_0\_\_\_\_\_ per month.

"I receive public assistance payments of $\_\_\_0\_\_\_\_\_ per month.

"I receive _____ of $\_\_\_\_\_0_____ per month.

"I have no other income.

"I own real estate, not including my homestead, valued at $_____0_____.

"I own stocks or bonds valued at $_____0_____.

"I own other property valued at $_____0_____.

"I currently have $_____0.52_____ in cash.

"I have $_7.00_____ in checking or savings accounts.

"I have one dependent(s).

"I have debts in the total sum of $_____7670_____

"I have approximately $_____758_____ in monthly expenses.

"I am represented by legal counsel at no cost to me.

"After consultation with my attorney, I believe that I have a meritorious claim.

"I am unable to pay the court costs.

"I verify that the statements made in this affidavit are true and correct."


_Cherie D. DeLeon_
**CHERIE D. DELEON**


**SUBSCRIBED AND SWORN TO BEFORE ME, on** June 8th 2015.

JACINTA FILO
MY COMMISSION EXPIRES
May 15, 2017

**NOTARY PUBLIC, State of Texas**

2

FILED

*April 21, 2015.*

Third Court of Appeals
Jeffrey D. Kyle
Clerk

**03-15-00027-CV**

**CAUSE NUMBER: 252911 - 01**

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 146TH JUDICIAL DISTRICT |
| CHERIE D. DE LEON | § | |
| AND | § | |
| DAVID DE LEON | § | BELL COUNTY, TEXAS |

## APPELLANT'S BRIEF

### STATEMENT OF ISSUES FOR REVIEW

On the 24th of September, 2013, the case of Cherie D. De Leon and David De Leon was heard and the following issues are issues that need to be reviewed and corrected for the record:

A. The percentage of Military Retirement Pay;

B. Ordering Respondent to make Cherie D. De Leon, ex-wife as his Beneficiary;

C. Funds from Materials Transportation Company (MTC) Employees Stock Ownership Plan (ESOP);

D. The Firearms that are/were registered under Respondent's name with a List of the Firearms attached;

E. Sworn Affidavits to other Firearms/weapons;

RECEIVED

APR 2 1 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE



F. A formula for Retirement Pay was adapted by the Department of Defense and/or the Department of Finance and Accounting Service (DFAS) to calculate the amount of percentage to do the following steps:

1

(1).    In Respondent's case, you would take 20 years of active Military Duty and you convert it into months which are 240 months.

(2).    You take that the number of years you were married while on active duty; in the Respondent's case, it was 4 and ½ years which are 54 months.

(3).    You divide the 240 months of active duty by the number of months married while on active duty – 240 divided by 54

(4).    You then take the disposable income and you multiply by the percentage – 917.82 x 4.44% equals to $40.75.

(5).    According to the formula that the Department of Finance and Accounting Service (DFAS), it shows that for Petitioner, Cheri D. De Leon, my ex-wife is entitled to $40.75. I do not know where Petitioner's attorney came up with the 11.25%. I am attaching a copy of the formula DFAS uses and my pay stubs;

G. Ordering Respondent to make Petitioner, my ex-wife by Beneficiary upon my death for my Retirement Pay; I cannot find any law that reads that I am supposed to do this and whether what Petitioner's attorney did is legal or not;

H. Disposition of funds from an account that I have never put money into or ever taken any out. These funds are put their for their employees that are 100% vested. It is the ESOP plan. She should be entitled to any of these funds since I never put any money into it and is considered a gift; and

I. The following pertain to Firearms that are not registered with the Alcohol, Tobacco and Firearms (A.T.F.) but they are also registered with the Federal Government at Fort Hood, Texas with the Military Police. These weapons need to be recovered and returned to Respondent, David De Leon. A List of the weapons is attached.

## Conclusion

Respondent-Appellant, David De Leon respectfully asks this Honorable Court to review the brief and attachments and consider reversing those sections included in this brief.

Respectfully Submitted,

David De Leon, Pro Se
2606 Nogales
Corpus Christi, Texas 78416
Telephone No.: (361) 945-4931

## CERTIFICATE OF SERVICE

I, David De Leon, certify that a true copy of the Appellant's Brief was mailed to Mr. Thomas J. Baker, Attorney at Law for Cherie D. De Leon at 208 East Central Avenue, Suite 106, Belton, Texas 76513, to Ms. Paula King, Court Coordinator, 146th Judicial District Court at P.O. Box 324, Belton, Texas 76513-0324 at _____ *10:30AM* _____ on this the _17_ day of April, 2015.

David De Leon, Appellant